Radnor Township School District, Township of Radnor, County of Delaware, and Delaware County Institutional District *v.* Robert K. Betty and Marion Betty, his wife, Appellants.

Radnor Township School District, Township of Radnor, County of Delaware, and Delaware County Institutional District *v.* Roland Massimino and Mary Jane Massimino, his wife, Appellants.

(For procedural history and majority opinion, see page 425.)

CONCURRING OPINION BY PRESIDENT JUDGE BOWMAN: The Act of March 13, 1974, P.L. 194—the statute under constitutional attack in these appeals—is an amendment to The Administrative Code of 1929 (Code), Act of April 9, 1929, P.L. 177, *as amended,* 71 P.S. §51 et seq. It amends Section 2002(c) and (d) of the Code, 71 P.S. §512(c), (d), and by its provisions authorizes PennDOT to lease real property acquired for highway purposes but not so used to public agencies or to private entities. Among other provisions required to be contained in the lease of any such real property to a private lessee is one that the lessee "shall make payments in lieu of taxes to the political subdivisions in which such leased property is located in an amount equal to the annual taxes that would normally be due on such property, if taxable: . . . ." Section 2002(c)(1) of the Code.

Appellants here voluntarily entered into a lease agreement with PennDOT which necessarily incorporated this provision and would now seek to attack the constitutionality of the statute which they voluntarily agreed to as a contractual provision of their lease agreement. In my view, appellants cannot raise this issue against the political subdivisions' legal efforts to collect such payments in lieu of taxes by an action in assumpsit. These political subdivisions are

clearly the third party beneficiaries of the lease by which appellants agreed to make such payments.

In my view, we need not decide these appeals on the constitutional issue raised. I concur, however, in the majority opinion if such issue must be met and otherwise concur in the majority opinion as to nonconstitutional issues raised.

Judge KRAMER joins in this concurring opinion.